# In the United States Court of Federal Claims

No. 21-1409C

(Filed: July 7, 2021)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| TY'ESHA S. HARRIS, | ) |
| *Plaintiff*, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| *Defendant*. | ) |

## OPINION AND ORDER

**SOLOMSON, Judge.**

On May 27, 2021, Plaintiff, Ty'esha S. Harris, a resident of South Bend, Indiana, proceeding *pro se*, filed a complaint against the State of Indiana, the South Bend Police Department ("SBPD"), and WhatsApp LLC ("WhatsApp"). ECF No. 1 ("Compl."). That same day, Ms. Harris filed a motion to proceed *in forma pauperis*, ECF No. 2 ("IFP Mot."), which this Court granted. ECF No. 6.

Ms. Harris alleges that for the past thirty-seven years, SBPD officers have subjected Ms. Harris and her children to "[a]cts of racism, sexism, slander/defamation of character, and negligence" and that the State of Indiana, SBPD, and WhatsApp failed to stop these unlawful acts despite having known about these abuses for years. Compl. at 3–7, ECF No. 1-1. Ms. Harris contends that these SBPD officers have violated various provisions of the South Bend Indiana Discipline Matrix and that SBPD and the State of Indiana violated the United States Constitution, the Indiana State Constitution, and "the color of law statute." *Id.* at 4, 6, ECF No. 1-1. She seeks for this Court to "charge[] [the individuals responsible] with . . . hate crimes/indictment" and to receive "[m]onetary relief for pain and suffering, in the amount of 100 million dollars."[1] Compl. at 7.

---

[1] Elsewhere in her complaint, Ms. Harris asserts alternatively that "[t]he amount of seven hundred & fifty million, should suffice." Compl. at 5.

-1-

Ms. Harris is proceeding *pro se*, and this Court holds a *pro se* plaintiff's pleadings to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, "even pro se plaintiffs must persuade the court that jurisdictional requirements have been met." *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019). "It is well-established that the plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence." *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013). In the absence of subject-matter jurisdiction, the Court must dismiss the claim. *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012).

Accordingly, before this case proceeds further, the Court must evaluate *sua sponte* whether the Court possess jurisdiction over Ms. Harris' complaint because pursuant to Rule 12(h)(3) of this Court's rules, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Moreover, while the Court generally assumes, as it must, the truth of the allegations in a complaint, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), this Court "is required to dismiss a frivolous complaint from a litigant who is proceeding *in forma pauperis*." *Taylor v. United States*, 568 F. App'x 890, 891 (Fed. Cir. 2014) (citing 28 U.S.C. § 1915(e)(2)(B))). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Court begins with Ms. Harris' allegations as presented in her complaint. For the past thirty-seven years, SBPD officers have been working off the books for an individual known simply as Mr. Heide. Compl. at 3–6. Mr. Heide pays these officers "[u]pwards of a thousand dollars a week plus bonuses if they make fun of [Ms. Harris and] more if they get a reaction out of her." *Id.* at 4. They have "harass[ed] her" and "[v]erbally accost[ed] her [while she was driving] . . . nearly causing an accident on more than one occasion." *Id.* at 3–4. These SBPD officers improperly "used search equipment and department resources" to "stalk[] Ms. Harris" by "plac[ing] hidden surveillance equipment in [her] residence" and tapping her phone lines. *Id.* at 3–6. They subsequently "shared [this] hidden surveillance footage of Ms. Harris and her children" with Mr. Heide and members of the Klu Klux Klan via a WhatsApp group chat. *Id.* at 3–5. Specifically, the officers circulated images of Ms. Harris "showering and using the toilet in her home and at public locations" and "images show[ing her] in intimate situations with past partners[,]" as well as images of her minor children "unclothed." *Id.* at 5. These SBPD officers also illegally obtained Ms. Harris' and her children's "[f]inancial information, including checking [and] savings account numbers" and their "social security numbers[,]" which they also circulated in the group chat. *Id.* at 5. As a result of these abuses, which the State of Indiana, SBPD, and WhatsApp have failed to prevent, Ms. Harris and her children have endured "[p]ain and suffering that

will last a lifetime[.]" *Id.* at 5–7. She suffers from PTSD, poor physical health and "[p]rofessionally, [she] has been all but blacklisted, especially in the Medical field." *Id.* at 5–6; *see id.* at 5 ("Even if Ms. Harris were to gain employment, the likelihood of it being monetarily equal to what she would have earned before . . . these images [were] shared is unlikely.").

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009). The Tucker Act, 28 U.S.C. § 1491(a)(1), provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). This statute, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *United States v. Mitchell,* 463 U.S. 206, 216 (1983). With respect to "money-mandating" claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Id.* at 217 (quotation omitted). Critically, "[t]he plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008); *see Owens v. United States*, 2019 WL 948379, *1 (Fed. Cl. Feb. 25, 2019) ("Congress has specifically withheld from our jurisdiction cases 'sounding in tort.'" (quoting 28 U.S.C. § 1491(a))).

For the reasons explained below, Ms. Harris' claims against the State of Indiana, SBPD, and WhatsApp – not to mention the nature of the relief she seeks – are not within this Court's subject-matter jurisdiction.

*First*, claims against the State of Indiana (a state government), SBPD (a state governmental entity), and WhatsApp (a private entity) fall outside of this Court's jurisdiction because the United States is the "only proper defendant" before this Court. *Double Lion Uchet Express Trust v. United States*, 149 Fed. Cl. 415, 420 (2020) (quoting *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003)). "When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations." *Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007); *see Dyck v. Albertelli Law*, 98 Fed. Cl. 624, 626 (2011) ("Because plaintiff does not bring any claims against a proper defendant, the suit falls outside of the jurisdiction of this court. For this reason alone, plaintiff's complaint must be dismissed.").

*Second*, Ms. Harris' claims against these entities for failing to protect her from Mr. Heide's henchmen are "jurisdictionally defective because plaintiff's claim of negligence sounds in tort." *Moore v. Durango Jail*, 77 Fed. Cl. 92, 96 (2007). To the extent that Ms. Harris' claims arise from violations of the Indiana State Constitution or the South Bend Indiana Discipline Matrix, "[c]laims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims." *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007). While Ms. Harris does not clearly identify whether her "color of law statute" claim is referring to 18 U.S.C. § 242[2] or an Indiana state statute, this Court does not possess jurisdiction over criminal law claims. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). In sum, Ms. Harris "d[oes] not assert any claims deriving from money-mandating sources of law not sounding in tort." *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015).

*Third,* to the extent Ms. Harris seeks to hold the State of Indiana, SBPD, and WhatsApp jointly and severally liable for $100,000,000 for her pain and suffering without assigning specific responsibility amongst the parties, such a theory of relief is a "standard tort doctrine" and thus outside of this Court's jurisdiction. *See Johnson Lasky Kindelin Architects, Inc. v. United States*, 151 Fed. Cl. 642, 652–57 (2020).

*Fourth*, Ms. Harris' central claims detailed above are fantastical, if not patently frivolous. When faced with "claims describing fantastic or delusional scenarios" from an IFP litigant, *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989), the Court "shall dismiss the case at any time." 28 U.S.C. § 1915(e)(2)(B); *see Perry v. United States*, 149 Fed. Cl. 1, 35–36 (2020).

## CONCLUSION

For the reasons explained above, the Court hereby **DISMISSES** Plaintiff's complaint. The Clerk shall enter **JUDGMENT** for the government.

**IT IS SO ORDERED.**

s/Matthew H. Solomson
Matthew H. Solomson
Judge

---

[2] Title 18 of the United States Code, Section 242 "makes it a crime for a person acting under the color of law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States." *Potter v. United States*, 124 Fed. Cl. 469, 475 (2015).